IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD GENE PHILLIPS,

        Petitioner,        No. CIV S-06-0415 JAM KJM P

   vs.

JOHN MARSHALL, et al.,

        Respondents.        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. He challenges his 2006 Sacramento County conviction for possessing methamphetamine for sale, for which he is serving a sentence of six years imprisonment.

//////
//////
//////
//////
//////
//////
/////

I. Background

On direct appeal, the California Court of Appeal summarized the facts presented at trial as follows:

> Sacramento County Sheriff's Department investigated and arrested a methamphetamine dealer who had baggies, a digital scale and a cell phone. During the dealer's arrest, defendant called the dealer on the dealer's cell phone, stating that he wanted his scale returned. Pretending to be the dealer, the deputy arranged to meet defendant at a nearby location. Upon defendant's arrival, he was stopped and searched. A deputy found a methamphetamine pipe with white residue. Upon arrest, deputies learned defendant was a parolee at large. Defendant wanted to "make a deal," offering information on another drug dealer. A search of defendant's bedroom in his home revealed a digital scale with white residue, baggies and more than 15 grams of methamphetamine.

Resp'ts' Lodged Doc. # 8 at 2.

II. Habeas Relief In General

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").[1] It is the habeas

/////

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 551 U.S. 112, 127 S. Ct. 2321, 2326-27 (2007).

petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

/////

3

"Clearly established" federal law is that determined by the Supreme Court. Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004). At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been "clearly established" and the reasonableness of a particular application of that law. Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court precedent is misplaced).

III. Arguments And Analysis

    A. Questioning Witnesses With Respect To Legality Of Searches And Commenting On Legality Of Searches In Closing Argument

In his first claim, petitioner takes issue with the fact that the trial court ruled that he could not question witnesses regarding, or discuss with jurors during closing argument, the legality of the use of the telephone conversation described above, or any searches resulting therefrom. He claims this violated his Sixth Amendment right to confront his accusers. Am. Pet. at 27.[2]

The jury in petitioner's case was not charged with deciding whether any search or seizure was legal. RT 104, 289-306. Given the issues relevant to the case, which were presented to the jury, nothing in the text of the Sixth Amendment or case law interpreting it suggests petitioner had a right to profess his interpretation of search and seizure law to the jury or question witnesses with respect to an issue outside the bounds of petitioner's criminal case. Cf. Crane v. Kentucky, 476 U.S. 683, 689-90 (1986) (judges have wide latitude to exclude evidence that is marginally relevant to the determination of guilt). Petitioner's first claim should be rejected.

/////

---

[2] With respect to petitioner's amended petition, the page numbers referenced herein refer to the page numbers assigned by the court's electronic docket.

4

B. Search Of Petitioner's Residence

Petitioner claims the trial court committed error by denying his motion to suppress evidence obtained from a search of his residence. Petitioner claims the search violated his Fourth Amendment rights. Am. Pet. at 28-31.

Respondents argue petitioner's claim is barred by Stone v. Powell, 428 U.S. 465 (1976). In Stone the United States Supreme Court held that where a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Id. at 482. Furthermore, the United States Circuit Court of Appeals for the Ninth Circuit has found that "[t]he relevant inquiry [in Fourth Amendment habeas claims] is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996).

Petitioner does not claim he did not have a full and fair opportunity to litigate his Fourth Amendment claim in California's courts nor does the record reveal that such is the case. RT 28-40, 61-69, 104; CT 100-103, 141-145. Therefore, this claim must be rejected.

C. Trial Court's Refusal To Entertain Motion To Suppress Phone Conversation

Petitioner also takes issue with the fact that the trial court refused to entertain petitioner's motion to suppress the telephone conversation described above. Am. Pet. at 32-33. The trial court refused to entertain the motion because petitioner had filed a previous motion to suppress; with limited exceptions, California law provides for only one motion to suppress in a felony case. See, e.g., People v. Nelson, 126 Cal. App. 3d 978, 981 (1st Dist. 1981) (confirming rule and noting that second motion may be brought at trial "only upon the narrow grounds that, at the initial motion made before trial, 'opportunity for [the new] motion did not exist or the defendant was not aware of the grounds for the motion . . .'").

/////

1          These facts do not present a claim upon which this court could grant relief.  As

indicated above, the court could grant relief if petitioner was denied a full and fair opportunity to

litigate a Fourth Amendment claim.  Petitioner does not allege such a denial here, but rather he

simply asserts it is unfair to require that all suppression issues be raised at once.  Nothing in the

Constitution or any other federal law suggests California's limitation on the number of motions

to suppress is not the kind of procedural rule a state is permitted to make.[3]

D.  Failure To Suppress Phone Conversation

In a claim related to the previous one, petitioner asserts his Fourth Amendment

rights were violated by the trial court's failure to suppress the phone conversation.  Am. Pet. at

34-40.  Here again, the only relevant question for this court is whether petitioner had a full and

fair opportunity to litigate his Fourth Amendment claim regarding the phone conversation in state

court.  Ortiz-Sandoval, 81 F.3d at 899.  Nothing in the record before the court suggests he did

not.

Petitioner also asserts that failure to suppress the telephone conversation violated

state law.  Even if it did, as noted above, the court cannot grant habeas relief for violations of

state law.  28 U.S.C. § 2254(a).

Finally, petitioner claims that admission of the phone conversation violated

federal wiretapping laws.  See 18 U.S.C. § 2510 et seq.  Claims regarding violations of federal

wiretapping laws as a basis for excluding evidence also are subject to the limitation announced in

Stone v. Powell, supra.  Anderson v. Hopkins, 113 F.3d 825, 831 (8th Cir. 1997).  Because

nothing suggests petitioner did not have a full and fair opportunity in state court to litigate a

/////

---

[3] Petitioner argued the motion attempting to suppress the telephone conversation while representing himself.  RT 61-65, 68-69.  Counsel filed the previous motion, which did not specifically target the phone conversation.  CT 13.  Petitioner seems to suggest he should have been allowed to pursue suppression of the phone conversation because his counsel did not in the first motion.  The trial court's decision denying petitioner's pursuit of the second motion, however, does not amount to a violation of any federal right.  See Stone, 428 U.S. at 482.

motion to suppress under the federal wiretapping statute, he is not entitled to federal habeas relief with respect to any aspect of this claim.

### E. Evidence Found As A Result Of Telephone Conversation

Petitioner claims that all evidence obtained as a result of the telephone conversation he had with the Sacramento County deputy sheriff should have been suppressed under the "fruit of the poisonous tree" doctrine because, he asserts, he had a right of privacy in his half of the conversation. Am. Pet. at 41-42. Any relief the court might give to plaintiff would have to be based on the proposition that the telephone conversation violated petitioner's Fourth Amendment rights, the violation being the "poisonous tree". However, as indicated above, the court is precluded by <u>Stone</u> from providing relief based upon a Fourth Amendment violation that might have occurred during the telephone conversation.

### F. Newly Discovered Evidence

Petitioner claims the trial court erred by refusing to consider what petitioner identifies as newly discovered evidence in support of his second motion to suppress filed on January 5, 2006. Am. Pet. at 43-45. The newly discovered evidence is a computer aided dispatch log petitioner says shows the deputy sheriff stopped his vehicle before doing a registration check, thus contradicting the deputy's testimony at the hearing on petitioner's motion to suppress. <u>Id</u>.

Petitioner fails to identify how the court's refusal violated his Constitutional rights, however. The court assumes petitioner is attempting to assert he did not have a full and fair opportunity to litigate a suppression issue in violation of <u>Stone</u>. Such a claim must be rejected because petitioner has not shown the log he refers to as "new" could not have been discovered in time for it to have been presented at the first suppression hearing. Petitioner argues that his prior counsel did not obtain a copy of the log by the time of the suppression hearing, and that he only received it once he was representing himself, at a later hearing on motions in limine. But he also notes the prosecutor's representation that the log is generated at the time of an

incident. Id. at 45. Without a showing that the evidence could not have been presented earlier by petitioner's prior counsel, it cannot be said that petitioner did not have a full and fair opportunity to litigate any Fourth Amendment claim. See Stone, 428 U.S. at 482.

G. Waiver Of Right To Counsel

On January 5, 2006, petitioner arrived in court with his counsel for trial. Counsel informed the court he could not participate in a trial that day because he was already participating as defense counsel in a separate trial underway in a different courtroom. Petitioner informed the court he did not want to wait for his attorney to finish the other trial, and therefore wished to represent himself. The court then discussed with petitioner the ramifications of self-representation, relieved counsel based on petitioner's continuing request, and transferred the matter to a different judge for trial. See Resp'ts' Lodged Doc. #4 (1/5/06 RT). The trial began on January 9, 2006 with petitioner representing himself. RT 92.

Petitioner now asserts he never waived his right to counsel, asserting that the "Record of Farreta Warnings" form he signed did not include a waiver and the court did not obtain one from him. Am. Pet. at 46-53. The trial court record establishes that petitioner was advised of and represented he understood the consequences of demanding that he be allowed to proceed immediately to trial when he did so. CT 131-132; Resp'ts' Lodged Doc. #4 at 2-4; cf. RT 323-324 (post-trial meeting), 354-355. Although petitioner, in hindsight, suggests he was forced to choose between going to trial by himself and waiting further for counsel, nothing in the records suggests he was coerced. His argument that the omission of the word "waiver" from the Farreta form means he did not waive his right to trial counsel is equally unavailing. Any claim arising from petitioner's suggestion that he did not waive his right to counsel should be rejected.

H. Speedy Trial / Assistance Of Counsel

Petitioner claims his right to a speedy trial was denied because of appointed counsel's failure to be prepared for trial. Am. Pet. at 54-56. Petitioner points to a delay of approximately one month from the first date set for trial of his case, and represents that although

the last day he should have gone to trial was January 5, 2006, trial did not actually begin until January 9, 2006. Id. at 55-56. Petitioner presented this claim to the California courts on direct review; no court issued a reasoned decision with respect to this claim. Resp'ts' Lodged Doc. # 7 at 1, 5. Petitioner fails to point to anything indicating this claim is not barred by 28 U.S.C. § 2254(d). Moreover, the United States Court of Appeals for the Third Circuit has found that delay attributable to defense counsel will not be considered for purposes of determining whether a defendant's speedy trial rights have been violated, Gattis v. Snyder, 278 F.3d 222, 231 (3rd Cir. 2002); the Supreme Court has never disagreed with that interpretation. The Ninth Circuit has not addressed the question. Petitioner's speedy trial claim should be rejected.

Alternatively, petitioner asserts he was denied his Sixth Amendment right to counsel because his trial attorney was not prepared to go to trial on January 5, 2006. Am. Pet. at 54-56. This argument is premised on the assumption that petitioner either had a federal Constitutional right to go to trial on January 5, 2006 even if his counsel was not prepared to go to trial or he was forced to go to trial without counsel. Neither assumption is correct.

I. Due Process

Petitioner claims his Fourteenth Amendment right to due process was violated because his trial counsel did not promptly surrender his case file to petitioner after counsel was relieved on January 5, 2006.[4] Am. Pet. at 57-58. Petitioner raised this issue on direct review; no state court issued a reasoned decision. Resp'ts' Lodged Doc. # 7 at 1, 5. The United States Supreme Court has never held that a defense counsel's failure to turn over his case file immediately after being relieved is, in itself, a violation of federal law; the Ninth Circuit has not addressed the question. Petitioner is precluded from obtaining relief on this claim by 28 U.S.C. § 2254(d).

---

[4] Petitioner does not allege that he requested his case file from counsel on January 5, 2006 and that counsel refused to turn it over. Petitioner does say he requested the file for use in a hearing on his prior strikes in February 2006 and that he obtained the file then by court order. Am. Pet. at 57-58.

J. <u>"Pro Per Privileges"</u>

Petitioner asserts he requested and was denied what he calls "pro per privileges" at the Sacramento County Jail between January 5, 2006 and February 2, 2006. Petitioner describes "pro per privileges" as "Law Library, Copying service(s), legal runner, investigator, etc." Am. Pet. at 59-61. Petitioner raised this claim on direct review; no California court issued a reasoned decision with respect to his claim. Resp'ts' Lodged Doc. # 7 at 1, 5.

Petitioner never indicated before or during trial that he was dissatisfied with his access to "pro per privileges." Rather, he avers he requested the privileges between January 27, 2006 and February 2, 2006, after trial had concluded. Am. Pet. at 59. The Supreme Court has never held a conviction can be reversed based on a petitioner's post-trial assertion he did not receive such "privileges." Here again, the Ninth Circuit has not addressed the question. As the Supreme Court indicated generally in <u>Peretz v. United States</u>, 501 U.S. 923, 936 (1991), "[t]he most basic rights of criminal defendants are . . . subject to waiver"; there does not appear to be any reason for this rule not to apply here. To the extent petitioner claims he was denied access to "pro per privileges" after trial, he fails to point to anything suggesting this amounted to a violation of his Constitutional rights.

For the foregoing reasons, petitioner's claim regarding "pro per privileges" is precluded by 28 U.S.C. § 2254(d). Furthermore, petitioner has failed to establish a violation of his Constitutional rights.

K. <u>Comment Made By Trial Judge</u>

Petitioner asserts he is entitled to a reversal of his conviction because, during jury selection, the trial court informed jurors that petitioner was incarcerated and unable to post bail. Am. Pet. at 62-63. Petitioner raised this claim on direct review; no California court issued a reasoned decision with respect to his claim. Resp'ts' Lodged Doc. # 7 at 1, 5, 44.

/////

/////

Petitioner fails to point to anything suggesting this claim is not barred by 28 U.S.C. § 2254(d). While the Supreme Court has held that constant reminders of the fact of a defendant's incarceration present an unacceptable risk that jurors will not presume innocence, Estelle v. Williams, 425 U.S. 501, 504-05 (1976), the Court has never held that the kind of single utterance petitioner alleges was made here, regarding the fact that a criminal defendant is incarcerated or his inability to post bail, violates his Constitutional rights. This claim should be denied.

### L. Section 402 Hearing

Petitioner claims the prosecutor at his trial acted inappropriately by introducing certain testimony and physical evidence before that evidence was deemed admissible in a hearing held pursuant to California Evidence Code § 402. Am. Pet. at 64-67. See RT 22-23, 96-109. While this might be true, it does not entitle petitioner to federal habeas relief because petitioner does not have a federal right to a California Evidence Code § 402 hearing, and petitioner has not shown that admission of the evidence to which he objects violated his federal rights.

### M. Altered Evidence

Petitioner claims his conviction should be reversed because the prosecution altered certain evidence before presenting it to the jury. Petitioner cites a number of purported irregularities with particular pieces of evidence but he makes no attempt to argue why their admission violated his Constitutional rights or even prejudiced his trial in any way. Am. Pet. at 68-72. Here again, petitioner points to something he believes is irregular or improper and then asserts it should provide a basis for habeas relief without pointing to any particular law in support of his position and without placing the irregularity or impropriety in proper context so the court can determine whether it had any effect on petitioner's trial. Because petitioner fails to meet his burden on this claim, it should be rejected.

/////

/////

1    N. Closing Argument

Petitioner points to several instances in closing argument where he believes the prosecution attempted to shift the burden of proof to petitioner. Am. Pet. at 73-78. The court has carefully reviewed petitioner's argument and the portions of the record on which it is based. Nothing in the record can be fairly construed as an attempt to shift the burden of proof or an actual shifting of the burden of proof. RT 253-268, 281-288. Indeed, the prosecutor in his rebuttal reminded the jury that he had the burden of proof. RT 281:27-28.

Petitioner also asserts the prosecution violated his rights by commenting on the fact that petitioner did not testify. Am. Pet. at 73-78. Specifically, petitioner says jurors were asked by the prosecution to infer petitioner did not testify because he did not want to be subjected to cross-examination. Id. at 75-77. The prosecution was not necessarily precluded from commenting on the fact that petitioner did not testify; the prosecution could not ask jurors to use that fact against petitioner. See Griffin v. California, 380 U.S. 609, 614 (1965) (penalty cannot be imposed against a criminal defendant by the prosecution for exercise of a constitutional right). While the prosecutor did note petitioner's decision to not testify, the prosecutor also said "you can't consider that." RT 286:24-25. When the prosecutor went on, without making any objectionable statements, the court cut him off. RT 286:25-287:3. Petitioner has not shown that the prosecutor stepped over the line drawn by the Fifth Amendment in the few sentences he uttered. Petitioner also has not shown the prosecution violated his Constitutional rights in some other way by stating the obvious, that petitioner did not testify.

O. Burden Shifting

This claim, petitioner's fifteenth, is essentially the same as the closing argument claim addressed above. Am. Pet. at 79-80. For the reasons stated above, this claim should be rejected.

/////

/////

P. Self Representation

Petitioner claims the prosecution forced him to defend his decision to proceed pro se to the jury. Am. Pet. at 81-82. Petitioner fails to point to any facts from which such an inference could be drawn, or anything pointing to a violation of his federal rights. This claim also should be rejected.

Q. Totality Of Prosecutorial Misconduct

Petitioner claims all of the alleged improprieties committed by the prosecution, when considered together, resulted in a violation of petitioner's federal rights. Am. Pet. at 83-86. Because the court has not found that the prosecution committed any misconduct during petitioner's trial, this claim should be rejected.

R. Trial On Priors

Petitioner's eighteenth and final claim concerns the evidence and procedures used during trial to determine whether petitioner committed sentence-enhancing prior offenses. Am. Pet. at 87. Petitioner raised this claim on direct review; no California court issued a reasoned decision with respect to his claim. Resp'ts' Lodged Doc. # 7 at 1, 6. Petitioner claims generally that his due process and other rights were violated because he was not arraigned with a chance to enter a plea on the prior alleged in an amended charging document, and the prior was not proven before its use in sentencing. The only law he references is state statutory law. Am. Pet. at 88-89. Therefore, his final claim is barred by 28 U.S.C. § 2254(d). See Woodford, 537 U.S. at 25 (habeas petitioner's burden to show entitlement to habeas relief). The court also does not construe any part of petitioner's final claim as stating a claim upon which relief could be granted in a federal habeas action.

IV. Conclusion

For the forgoing reasons, the court will recommend that petitioner's application for writ of habeas corpus be denied.

/////

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 16, 2009.

_____
U.S. MAGISTRATE JUDGE

---

1
phil0415.157(a)